RECEIVED
IN LAFAYETTE, LA.

JAN 13 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CV06-0056 LC**

HAZEL JONES, INDIVIDUALLY AND
ON BEHALF OF HER MINOR
GRANDCHILDREN, COURTLAND
JONES, KAYURA JONES and HILTON
JONES III AND THE ESTATE OF
HILTON JONES

CIVIL ACTION NO:

VERSUS

JUDGE: JUDGE TRIMBLE

THE ALLEN PARISH CORRECTIONAL
CENTER, THE GEO GROUP, INC.,
FORMERLY KNOWN AS WACKENHUT
CORRECTIONS CORPORATION, WARDEN
KENT ANDREWS, WARDEN MICHAEL
ESTES, ASSOCIATE WARDEN BILL
CRUCHER, CAPTAIN WALTER GARNETT,
GUARD LASHONDA HALL, INMATE SHAVIS
TOBY and SERGEANT PATRICIA MAPEL

MAGISTRATE JUDGE WILSON
MAGISTRATE JUDGE:

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, **HAZEL JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR GRANDCHILDREN, COURTLAND JONES, KAYURA JONES and HILTON JONES, III AND THE ESTATE OF HILTON JONES**, a person of the full age of majority, and residing in Baldwin, St. Mary Parish, Louisiana, who respectfully represents that:

1.

This case arises under 42:U.S.C.S. §1983, in the 8th Amendment of the U.S. Constitution, and thus, this Court has federal question jurisdiction, pursuant to 42 U.S.C.S. §1983, and 28 U.S.C.S. §1331.

2.

Made defendants herein are:

A. **THE ALLEN PARISH CORRECTIONAL CENTER**, a Louisiana Parish correctional facility, which may be served through Warden Kent Andrews, at 3751 Lauderdale Woodyard Road, Kinder, Louisiana, 70648;

B. **THE GEO GROUP, INC., FORMERLY KNOWN AS WACKENHUT CORRECTIONS CORPORATION**, a foreign corporation, authorized to do and doing business in Louisiana, and which may be served through its registered agent for service of process, Corporation Service Company, at 320 Somerulos Street, Baton Rouge, Louisiana, 70802-6129;

C. **WARDEN KENT ANDREWS**, a person of the full age of majority and a resident of Allen Parish, who resides and may be served at 157 Arrow Wood Street, Kinder, Louisiana 70648;

D. **WARDEN MICHAEL ESTES**, a person of the full age of majority and a resident of Calcasieu Parish, who resides and may be served at 2616 Cox Road, Westlake, Louisiana, 70669;

E. **ASSOCIATE WARDEN BILL CRUCHER**, a person of the full age of majority and a resident of Allen Parish, who may be served at his place of employment, located at 3751 Lauderdale Woodyard Road, Kinder, Louisiana, 70648;

F. **CAPTAIN WALTER GARNETT**, a person of the full age of majority and a resident of Vernon Parish, who resides and may be served at 6795 Sunny Lane, Apt. E, Rosepine, Louisiana, 70659;

G. **GUARD LASHONDA HALL**, a person of the full age of majority and a resident of Evangeline Parish, who resides and may be served at 1085 Shorty Lane, Mamou, Louisiana, 70554;

H. **INMATE SHAVIS TOBY**, a person of the full age of majority and resident of Allen Parish, who resides and may be served at The Allen Parish Correctional Center, located at 3751 Lauderdale Woodyard Road, Kinder, Louisiana, 70648;

I. **SERGEANT PATRICIA MAPEL**, a person of the full age of majority and a resident of Jefferson Davis Parish, who resides and may be served at 204 Hebert Avenue, Lake Arthur, Louisiana, 70549.

3.

On or about January 19, 2005, Mr. Hilton Jones was an inmate at defendant, **THE ALLEN PARISH CORRECTIONAL CENTER**, which is staffed by defendant, **WACKENHUT CORRECTIONS CORPORATION**, as a result of violations of Louisiana law.

4.

While incarcerated at defendant, **THE ALLEN PARISH CORRECTION CENTER**, Mr. Jones was housed in the Mercury D-2 wing of the facility. The facility is broken down into wings or dorms, according to the seriousness of the crime.

5.

Upon information and belief, access to each individual wing is controlled by locked doors, which can only be unlocked by members of defendant, **WACKENHUT CORRECTIONS CORPORATION**, staff, through a "pod" or control room in between the wings.

6.

The pod/control room, staffed by employees of defendant, **WACKENHUT CORRECTIONS CORPORATION**, is meant to control access from various wings, or units, and to separate inmates contained within those units. Employees of defendant, **WACKENHUT CORRECTIONS CORPORATION**, have sole responsibility for the operation and observation of who moves from unit to unit through the various doorways.

7.

On January 19, 2005, Mr. Hilton Jones was fatally stabbed by defendant, **SHAVIS TOBY**, while in the television/recreational room, contained within dorm Mercury D-2. This is the dorm/unit that Mr. Hilton Jones was housed in during his incarceration at defendant, **THE ALLEN PARISH CORRECTIONAL CENTER**.

8.

Upon information and belief, defendant, **SHAVIS TOBY**, was housed in Mercury Dorm C-1, which dorm is separated from the dorm housing Mr. Hilton Jones, Mercury Dorm D-2. However, defendant, **SHAVIS TOBY**, gained access to the television/recreational room on Mercury Dorm D-2 through the doors controlled by the employees of defendant, **WACKENHUT CORRECTIONS CORPORATION**, which controls are contained within the pod/control room.

9.

Upon information and belief, defendant, **CAPTAIN WALTER GARNETT**, and defendant, **SERGEANT PATRICIA MAPEL**, were the officers which were in the pod/control room, controlling access to Mercury Dorm D-2, at the time of the fatal stabbing.

10.

Upon information and belief, defendant, **SHAVIS TOBY**, was allowed by defendants, **CAPTAIN WALTER GARNETT and SERGEANT PATRICIA MAPEL**, to gain access to Mercury Dorm D-2, through the security doors, manned by defendants, **CAPTAIN WALTER GARNETT and SERGEANT PATRICIA MAPEL**. Defendants', **CAPTAIN WALTER GARNETT and SERGEANT PATRICIA MAPEL**, deliberate indifference to their duties in the control room, allowed defendant, **SHAVIS TOBY**, access to Mercury Dorm D-2.

11.

Upon information and belief, once it was discovered by defendant, **CAPTAIN WALTER GARNETT**, that defendant, **SHAVIS TOBY**, had entered Mercury Dorm D-2, through deliberate indifference, took no action to remove defendant, **SHAVIS TOBY**, from Mercury Dorm D-2, until after the fatal stabbing had occurred. Indeed, upon information and belief, defendant, **CAPTAIN WALTER GARNETT**, stood idly by, showing deliberate indifference, while Mr. Jones was stabbed through the heart by defendant, **SHAVIS TOBY**.

12.

Upon information and belief, the attack by defendant, **SHAVIS TOBY**, was precipitated by a relationship maintained between defendant, **SHAVIS TOBY**, and defendant, **GUARD LASHONDA HALL**, an employee of defendant, **WACKENHUT CORRECTIONS CORPORATION**.

13.

Upon information and belief, defendant, **LASHONDA HALL**, maintained an intimate relationship with defendant, **SHAVIS TOBY**, in deliberate indifference to the safety of other inmates, who may be affected by the jealous rage of her lover, defendant, **SHAVIS TOBY**.

14.

Defendant's, **LASHONA HALL**, deliberate indifference to the potential results of her actions in maintaining an intimate relationship with an inmate at her place of employment was a direct and proximate cause of the attack on Mr. Hilton Jones.

15.

Upon information and belief, defendant, **SHAVIS TOBY**, engaged in an altercation, and attacked Hilton Jones, as a result of his belief that Mr. Jones had insulted defendant, **LASHONDA HALL**.

16.

Defendants, **THE ALLEN PARISH CORRECTIONAL CENTER, THE GEO GROUP, INC., FORMERLY KNOWN AS WACKENHUT CORRECTIONS CORPORATION, WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES, ASSOCIATE WARDEN BILL CRUCHER, CAPTAIN WALTER GARNETT, GUARD LASHONDA HALL, INMATE SHAVIS TOBY and SERGEANT PATRICIA MAPEL**, knew of the dangerous propensities of defendant, **SHAVIS TOBY**, and showed deliberate indifference to the safety of Mr. Hilton Jones,

by not monitoring access from one housing dorm to another, despite knowledge of defendant's, **SHAVIS TOBY**, dangerous propensities to attack other inmates. Said deliberate indifference was to a substantial risk of serious harm to inmate, Hilton Jones, in violation of the 8th Amendment Right to protection from "cruel and unusual punishments".

17.

Upon information and belief, defendants, **THE ALLEN PARISH CORRECTIONAL CENTER, THE GEO GROUP, INC., FORMERLY KNOWN AS WACKENHUT CORRECTIONS CORPORATION, WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES, ASSOCIATE WARDEN BILL CRUCHER, CAPTAIN WALTER GARNETT, GUARD LASHONDA HALL and SERGEANT PATRICIA MAPEL**, knew of defendant's, **SHAVIS TOBY**, dangerous propensities, and of the risk of substantial harm presented to Hilton Jones, and disregarded that risk in failing to maintain a level of security sufficient enough to keep defendant, **SHAVIS TOBY**, out of Mercury Dorm D-2, which housed inmate, Hilton Jones. Said knowledge of a substantial risk of serious harm was known to defendants, based on prior incidents of attacks perpetrated by defendant, **SHAVIS TOBY**, against other inmates contained within **THE ALLEN PARISH CORRECTIONAL CENTER**, in violation of 42 U.S.C.S. §1983.

18.

Additionally, defendant, **LASHONDA HALL**, as an employee of defendant, **WACKENHUT CORRECTIONAL CORPORATION**, knew that engaging in an intimate relationship with inmate, defendant, **SHAVIS TOBY**, presented a substantial risk of serious harm, and disregarded said risk of harm by engaging in an intimate relationship.

19.

Defendants, **THE ALLEN PARISH CORRECTIONAL CENTER and WACKENHUT CORRECTIONS CORPORATION**, are vicariously liable, through operation of the doctrine of

respondeat superior, for the acts committed by its employees, defendants, **THE ALLEN PARISH CORRECTIONAL CENTER, THE GEO GROUP, INC., FORMERLY KNOWN AS WACKENHUT CORRECTIONS CORPORATION, WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES, ASSOCIATE WARDEN BILL CRUCHER, CAPTAIN WALTER GARNETT, GUARD LASHONDA HALL and SERGEANT PATRICIA MAPEL**, who were in the course and scope of their employment at the time their acts of deliberate indifference were committed.

20.

As a result of the foregoing, defendants, **WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES, ASSOCIATE WARDEN BILL CRUCHER, CAPTAIN WALTER GARNETT, GUARD LASHONDA HALL and SERGEANT PATRICIA MAPEL**, have caused damage to the minor children of Hilton Jones, **COURTLAND JONES, KAYURA, JONES and HILTON JONES III**, who are cared for by their legal guardian, **HAZEL JONES**, by committing the Civil Rights violations under 42 U.S.C.S. §1983, in the following non-exclusive ways:

  a. By showing deliberate indifference to the health and well being of inmate, Hilton Jones;

  b. By allowing defendant, **SHAVIS TOBY**, access to a restricted housing unit, housing inmate, Hilton Jones;

  c. By engaging in an intimate relationship with an inmate known to have violent propensities;

  d. By failing to maintain a sufficient guard on an inmate with violent propensities;

  e. By standing by in deliberate indifference as an attack, which ultimately led to the death of Hilton Jones, took place;

 f. Any and all other acts of negligence and/or intentional fault, which will be proven at the trial of this matter.

21.

Defendants, **WACKENHUT CORRECTIONS CORPORATION and THE ALLEN PARISH CORRECTIONAL CENTER**, and defendants, **WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES**, have violated the civil rights of inmate, Hilton Jones, pursuant to 42 U.S.C.S. §1983, in the following non-exclusive particulars:

 a. By creating, permitting, or perpetuating an ineffective means of separating various inmates;

 b. By failing to take prompt remedial actions to remove the possibility of such an attack occurring on another inmate;

 c. By allowing a known dangerous offender, defendant, **SHAVIS TOBY**, to gain access to other inmates;

 d. By failing to take reasonable measures to protect inmate, Hilton Jones, from violence while incarcerated at **THE ALLEN PARISH CORRECTIONAL CENTER**;

 e. Any and all other acts of civil rights violations compensable under 42 U.S.C.S. §1983 or the 8th Amendment of the U.S. Constitution.

22.

As a result of the action of defendants, as described hereinabove, plaintiffs, **HAZEL JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR GRANDCHILDREN, COURTLAND JONES, KAYURA, JONES and HILTON JONES III**, have suffered a loss caused by the wrongful death of inmate, Hilton Jones. Said wrongful death has caused damages including, loss of love and society, loss of consortium, mental and emotional distress, and loss of future economic

support, all of which plaintiffs are entitled to, in the form of compensatory damages available during the prosecution of this claim.

**WHEREFORE**, plaintiffs, **HAZEL JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR GRANDCHILDREN, COURTLAND JONES, KAYURA JONES and HILTON JONES, III AND THE ESTATE OF HILTON JONES**, pray that after the lapse of all legal delays and proceedings be had, there be judgment herein against defendants, **THE ALLEN PARISH CORRECTIONAL CENTER, THE GEO GROUP, INC., FORMERLY KNOWN AS WACKENHUT CORRECTIONS CORPORATION, WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES, ASSOCIATE WARDEN BILL CRUCHER, CAPTAIN WALTER GARNETT, GUARD LASHONDA HALL, INMATE SHAVIS TOBY and SERGEANT PATRICIA MAPEL**, and in favor of plaintiffs, **HAZEL JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR GRANDCHILDREN, COURTLAND JONES, KAYURA JONES and HILTON JONES, III AND THE ESTATE OF HILTON JONES**, for all compensatory damages, due and owing, for legal interest from the date of judicial demand on all amounts awarded, the cost of all these proceedings, for attorney's fees, and for all necessary Orders and Decrees that may be required to proffer in the premises for full, general and equitable relief.

Respectfully submitted:

BY: _____
JOSEPH F. GAAR, JR.
Bar Roll No: 16927
JASON M. WELBORN
Bar Roll No: 26548
Attorneys at Law
Post Office Box 2053
Lafayette, Louisiana 70502
(337) 233-3185
**Hazel Jones, individually and on behalf of her minor grandchildre, Courtland Jones, Kayura Jones and Hilton Jones III and The Estate of Hilton Jones**

**PLEASE SERVE:**

**THE ALLEN PARISH CORRECTIONAL CENTER**
through Warden Kent Andrews
3751 Lauderdale Woodyard Road
Kinder, Louisiana 70648

**THE GEO GROUP, INC., FORMERLY KNOWN
AS WACKENHUT CORRECTIONS CORPORATION**
Through its registered agent for service of process
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129

**WARDEN KENT ANDREWS**
157 Arrow Wood Street
Kinder, Louisiana 70648

**WARDEN MICHAEL ESTES**
2616 Cox Road
Westlake, Louisiana 70669

**ASSOCIATE WARDEN BILL CRUCHER**
3751 Lauderdale Woodyard Road
Kinder, Louisiana 70648

**CAPTAIN WALTER GARNETT**
6795 Sunny Lane, Apt. E
Rosepine, Louisiana 70659

**GUARD LASHONDA HALL**
1085 Shorty Lane
Mamou, Louisiana 70554

**INMATE SHAVIS TOBY**
3751 Lauderdale Woodyard Road
Kinder, Louisiana 70648

**SERGEANT PATRICIA MAPEL**
204 Hebert Avenue
Lake Arthur, Louisiana 70549

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| HAZEL JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR GRANDCHILDREN, COURTLAND JONES, KAYURA JONES and HILTON JONES III AND THE ESTATE OF HILTON JONES | CIVIL ACTION NO: CV06-0056 LC |
| VERSUS | JUDGE: JUDGE TRIMBLE |
| THE ALLEN PARISH CORRECTIONAL CENTER, THE GEO GROUP, INC., FORMERLY KNOWN AS WACKENHUT CORRECTIONS CORPORATION, WARDEN KENT ANDREWS, WARDEN MICHAEL ESTES, ASSOCIATE WARDEN BILL CRUCHER, CAPTAIN WALTER GARNETT, GUARD LASHONDA HALL, INMATE SHAVIS TOBY and SERGEANT PATRICIA MAPEL | MAGISTRATE JUDGE: MAGISTRATE JUDGE WILSON |

**AFFIDAVIT**

**PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

Before me, the undersigned authority, personally came and appeared:

**Jason M. Welborn**

a person of the full age of majority and resident of the Parish of Lafayette, State of Louisiana, who upon being duly sworn did depose and state that:

1. He is the attorney of record for petitioners, **HAZEL JONES, INDIVIDUALLY AND ON BEHALF OF HER MINOR GRANDCHILDREN, COURTLAND JONES, KAYURA JONES and HILTON JONES, III AND THE ESTATE OF HILTON JONES**;

2. He has read the allegations of the foregoing Complaint for Damages and said allegations are true and correct to the best of his knowledge and belief;

Lafayette, Louisiana, this 13th day of JANUARY, 2006.

_____
JASON M. WELBORN

Sworn to and subscribed before me,
this ___ day of _____, 2006,
Lafayette, Louisiana.

_____
Notary Public