RECEIVED
IN LAKE CHARLES, LA

APR 1 2 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| HAZEL JONES, ET AL | : | DOCKET NO. 06-0056 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| ALLEN PARISH CORRECTIONAL CENTER, ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Dismissal" (doc.#7) filed by defendants, The GEO Group, Inc.; Kent Andrews, former Warden of Allen Correctional Center; Mark Estes, incorrectly referred to as Michael Estes, Assistant Warden at Allen Correctional Center; Murray Crucher, incorrectly referred to as Bill Crucher, Assistant Warden at Allen Correctional Center; Walter Garnett, Captain at Allen Correctional Center; and Patricia Mapel, Sergeant at Allen Correctional Center, who move to dismiss certain claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No opposition has been filed.

## FACTUAL STATEMENT

Plaintiffs allege the following in their Complaint. On or about January 19, 2005, Hilton Jones was an inmate at the Allen Parish Correctional Center[1] which is staffed by Wackenhut Corrections Corporation ("Wackenhut"). On that same date, Mr. Jones was fatally stabbed by defendant, Shavis Toby, also an inmate. Plaintiffs then allege that defendants, Captain Walter Garnett and Sergeant Patricia Mapel, who manned the security doors to Mercury dorm D-2 where

---

[1] The correct name of this defendant is the Allen Correctional Center.

Mr. Jones was stabbed, allowed Shavis Toby to gain access to Mercury dorm D-2. Captain Garnett took no action to remove Shavis Toby from Mercury Dorm D-2 until after the fatal stabbing had occurred. Plaintiffs allege that the attack upon Mr. Hilton was precipitated by an insult Mr. Hilton made to defendant, Guard Lashonda Hall, an employee of Wackenhut. Guard Hall and inmate Shavis Toby were engaged in an intimate relationship.

## LAW AND ANALYSIS

Defendants maintain that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' claims by, or on behalf of the Estate of Hilton Jones, and all claims against the Correctional Center are improperly asserted in these proceedings and should be dismissed.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[2] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[3] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[4] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on

---

[2] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[3] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[4] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

2

these material points will be introduced at trial."[5]

*Does the Estate of Hilton Jones have a right of action?*

Articles 2315.1 and 2315.2[6] of the Louisiana Civil Code designate the persons that may bring an action for wrongful death and in whose favor the decedent's actions survive,[7] including a 42 U.S.C. § 1983 civil rights claim.[8] Based upon the allegations, decedent was survived by three children, Courtland Jones, Kayura Jones and Hilton Jones, III. Louisiana Civil Code Articles 2315.1 and 2315.2 do not provide a right of action for the estate of the decedent. Accordingly, all claims asserted by the Plaintiff, the Estate of Hilton Jones will be dismissed.

*Are the claims against Allen Correctional Center improper?*

At the time of his death, Hilton Jones was an inmate incarcerated at the Allen Correctional Center. The Center is a correction facility and/or prison or jail in Kinder, Louisiana, operated by The

---

[5] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[6] Article 2315.2 provides the following for a wrongful death action:
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death;
    (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
    (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
    (3) The surviving brothers and sisters of the deceased, or any of them, is he left no spouse, child, or parent surviving.
    (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving. . . .

[7] *Nelson v. Burkeen Const. Co.*, 605 So.2d 681, 683 (La.App. 2nd Cir. 1992).

[8] *Rhyne v. Henderson County*, 973 F.2d 386, 390 (5th Cir. 1992), citing *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243 (1961).

GEO Group, Inc. "A prison or jail is not a 'person' subject to suit under 42 U.S.C. § 1983."[9] Furthermore, Allen Correctional Center is incapable of accepting service of plaintiffs' complaint or responding to plaintiffs' allegations.[10] Accordingly, Allen Correctional Center, incorrectly named Allen Parish Correction Center will be dismissed.

## CONCLUSION

Based on the foregoing, the motion to dismiss filed by Defendants will be granted dismissing all claims asserted by Plaintiff, the Estate of Hilton Jones, and dismissing defendant, the Allen Correctional Center.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 12th day of April, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] *Martinez v. Larpenter*, C.A. No. 05-874, 2005 WL 3549524, *5 (E.D. La. November 1, 2005).

[10] *Frederick v. Wisconsin Dept. of Corrections*, C.A. No. 04-684, 2004 WL 2360295 (W.D. Wis. October 13, 2004).

4